UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JULIANNE WINSTON,

          Plaintiff,                         Case No. 1:23-cv-13024

v.                                           Honorable Thomas L. Ludington
                                               United States District Judge
BRIAN BERGER and DALE MURNEY,

          Defendants.
_____/

**OPINION AND ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYING FEES OR COSTS, *SUA SPONTE* DISMISSING COMPLAINT, AND DENYING MOTIONS AS MOOT**

After seeking to proceed *in forma pauperis*, Plaintiff Julianne Winston filed a Complaint alleging that Defendants Judge Brian Berger and Referee Dale Murney of the Berrien County Trial Court deprived her of rights guaranteed under seven different Constitutional Amendments for their conduct throughout state custody proceedings which resulted in Plaintiff loosing sole custody of her two sons. Plaintiff's Complaint asks this Court to press criminal charges against Defendants, initiate civil proceedings against Defendants, impeach or remove Defendants from office, reverse the relevant state court custody decisions, and award Plaintiff over ten million dollars. The same day Plaintiff filed her Complaint, she also filed an Emergency Motion for a Temporary Protective Order against Defendants.

Satisfied that Plaintiff is entitled to proceed *in forma pauperis*, Plaintiff's Complaint must be *sua sponte* dismissed for frivolity, failure to state a claim upon which relief can be granted, and for seeking money damages from Defendants who are entitled to absolute economic immunity. Accordingly, Plaintiff's Emergency Motion, along with all other pending motions in the above-captioned case, will be denied as moot.

- 2 -

## I.

Plaintiff Julianne Winston[1] had a brief relationship with Steven Alan Deming in which they conceived two sons. *Amawi v. Deming*, No. 362538, 2023 WL 4672113, at *1 (Mich. Ct. App. July 20, 2023), *appeal denied*, No. 166058, 2023 WL 8115831 (Mich. Nov. 22, 2023). Although the Berrien County Trial Court initially awarded sole and legal physical custody to Plaintiff, Deming moved in 2022 for joint legal and physical custody "because [P]laintiff alienated the children from him." *Id.* In July 2022, the referee awarded *sole* legal and physical custody to Deming. *See id.*

The Michigan Court of Appeals affirmed the trial court's custody decision on July 20, 2023, finding that the record "strongly supported the finding that [P]laintiff had not, and would not, facilitate and encourage a close relationship" between Deming his sons and that Plaintiff "actively sabotaged" Deming's efforts to have a close relationship with the sons, by moving the sons to another county, discouraging the sons from talking to Deming, encouraging the children to fake illness to avoid parenting time, and calling law enforcement to investigate Deming during assigned parenting time. *Id.* at *4–9. And although Plaintiff claimed that Deming had engaged in domestic violence against her and lied about his criminal record and child support obligations throughout the custody proceedings, the Court of Appeals found no evidence in the record to substantiate this claim. *Id.* at *6–8.

---

[1] Plaintiff is also known by the name "Elham Ma Amawi." *Amawi v. Deming*, No. 362538, 2023 WL 4672113, at *1 (Mich. Ct. App. July 20, 2023), *appeal denied*, No. 166058, 2023 WL 8115831 (Mich. Nov. 22, 2023).

On November 29, 2023, Plaintiff sued Judge Brian Berger and Referee Dale Murney[2] of the Berrien County Trial Court alleging that their conduct throughout the state court custody proceedings deprived Plaintiff of her First, Fourth, Sixth, Seventh, Eighth, Ninth, and Fourteenth Amendment rights, in violation of 42 U.S.C. § 1983.[3] ECF No. 1 at PageID.1–3. Plaintiff seeks $10,345,000 in damages, *id.* at PageID.10, and seeks injunctive relief requesting this Court to (1) impeach or remove Judge Berger and Referee Murney from office; (2) "press criminal charges against" Judge Berger and Referee Murney, seeking imprisonment and the "maximum punishment" available; (3) "reverse every court order . . . made by [J]udge Berger and [R]eferee Murney" throughout the state custody proceedings, "including [the] termination of [P]laintiff['s] parental right[s];"[4] and (4) initiate a "counter lawsuit" against Judge Berger and Referee Dale Murney. ECF No. 2 at PageID.23–24.

Plaintiff also filed an application to proceed *in forma pauperis* (IFP) under 28 U.S.C. § 1951(a)(1), ECF No. 4; two ex parte motions for leave to file exhibits, ECF Nos. 5; 6; a motion to waive transcript fees, ECF No. 8; and an Emergency Motion seeking a temporary protection order against both Defendants, ECF No. 7. Plaintiff's application to proceed IFP will be granted. But Plaintiff's Complaint is frivolous, fails to state a claim upon which relief can be granted, and seeks

---

[2] Plaintiff also alleges that other Referees and Friends of the Court engaged in misconduct throughout the state custody proceedings. *See generally* ECF Nos. 1; 2. But these people are not named Defendants, so any claims Plaintiff may have against them will not be discussed.

[3] Plaintiff filed two complaints seeking the same relief and containing the same allegations. *Compare* ECF No. 1 *with* ECF No. 2. So this Court will construe both as a single Complaint.

[4] Notably, it is unclear whether Plaintiff's parental rights were ever terminated. The state case cited by Plaintiff reveals only that Deming was awarded sole legal and physical custody over Plaintiff's sons, not that Plaintiff's parental rights were ever terminated. *See Amawi v. Deming*, No. 362538, 2023 WL 4672113, at *1 (Mich. Ct. App. July 20, 2023), *appeal denied*, No. 166058, 2023 WL 8115831 (Mich. Nov. 22, 2023); ECF No. 9 at PageID.41.

damages from economically immune Defendants. So Plaintiff's Complaint, ECF No. 1, will be *sua sponte* dismissed and all outstanding motions, ECF Nos. 5; 6; 7; 8, will be denied as moot.

## II.

This Court is satisfied, upon reviewing her application to proceed without prepaying fees or costs, that Plaintiff is entitled to proceed IFP. *See* 28 U.S.C. § 1915(a)(1). Plaintiff's IFP status, however, subjects her to screening requirements established by the Prison Litigation Reform Act (PLRA).[5] *Id.* § 1915(e)(2)(B). Importantly, the PLRA's screening requirement applies equally to both prisoner and non-prisoner plaintiffs. *Baker v. Wayne Cnty. Fam. Indep. Agency*, 75 F. App'x 501, 502 (6th Cir. 2003); *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), *overruled on other grounds by Jones v. Brock*, 549 U.S. 199 (2007); *Groulx v. Saginaw Cnty. Rd. Comm'n*, No. 1:22-CV-12049, 2022 WL 7145652, at *1 (E.D. Mich. Sept. 26, 2022), *report and recommendation adopted*, No. 1:22-CV-12049, 2022 WL 7055158 (E.D. Mich. Oct. 12, 2022). Under the PLRA, district courts must screen prisoner and non-prisoner IFP complaints and must *sua sponte* dismiss a complaint that "(i) is frivolous or malicious; (ii) fails to state a claim on which relief can be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Each ground for *sua sponte* dismissal will be addressed in turn.

## III.

### A.

---

[5] "In enacting the federal [IFP] statute, Congress 'intended to guarantee that no citizen shall be denied an opportunity to commence . . . an action . . . in any court of the United States, solely because . . . poverty makes it impossible . . . to pay or secure the costs' of litigation." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342 (1948)). But with increased access comes an increased need for screening, because "[a]t the same time . . . Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous . . . lawsuits.'" *Id.* (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)).

The first ground for *sua sponte* dismissal is frivolity. An IFP complaint is frivolous—and must be dismissed—if it lacks an arguable basis in law or fact. *Sears v. Washington*, 655 F. Supp. 3d 624, 626 (E.D. Mich. 2023) (citing *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) and *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). "The former occurs when 'indisputably meritless' legal theories underlie the complaint, and the latter when it relies on 'fantastic or delusional' allegations. *Brand v. Motley*, 526 F.3d 921 (6th Cir. 2008) (quoting *Neitzke*, 490 U.S. at 327–28).

Plaintiff's Complaint lacks an arguable basis in law. Plaintiff alleges that Defendants violated 42 U.S.C. § 1983 by depriving her First, Fourth, Sixth, Seventh, Eighth, Ninth, and Fourteenth Amendment rights, through their conduct in Plaintiff's state custody proceedings. But none of these claims are colorable.

Factually, Plaintiff alleges the following:

- Defendants provided Plaintiff with notice of hearings two weeks in advance, ECF No. 1 at PageID.2;
- Custody hearings were scheduled in Paw Paw, Michigan, which Plaintiff claims was three hours away from her residence but only 15 minutes away from Deming, *id.* at PageID.3–4;
- Judge Berger, at some point, told Plaintiff that "he knew the [P]laintiff has no one around to protect her[,]" *id.* at PageID.4;
- Defendants waived Deming's child support payments without a hearing, *id.*;
- Judge Berger kept files in his office and prevented Plaintiff's access, *id.* at PageID.6;
- Defendants did not consider Deming's alleged criminal history when applying the "best interests of the child" standard and awarding custody, ECF No. 2 at PageID.12;
- Referee Murney "delay[ed] [an] Emergency motion" filed by Plaintiff for "5 months" and refused to hear Plaintiff's testimony, *id.* at PageID.15;
- On May 7, 2018, Judge Berger refused to consider mental evaluations ordered by a former judge assigned to the case and tore up Plaintiff's motion during a hearing, *id.* at PageID.18;
- On September 29, 2020, Judge Berger denied Plaintiff's motion for reconsideration, *id.*;
- On October 15, 2020 and/or July 14, 2021, Judge Berger called Plaintiff a "liar" during a hearing, *id.* at PageID.17, 19–20;
- On July 14, 2021, Judge Berger "chose . . . to jail [P]laintiff" and told Plaintiff he did not "care for her or her health[,]" ECF No. 1 at PageID.3;

- On July 14, 2021, Judge Berger "promised he [would] ruin [P]laintiff['s] reputation" and stated he "only work[s]" for Deming, ECF No. 2 at PageID.20;
- On July 22, 2022, Judge Berger engaged in ex parte proceedings with Deming, *id.* at PageID.21–22.
- On July 22, 2022, Judge Berger filed an arrest warrant against Plaintiff, *id.* at PageID.21;
- On July 22, 2022, Referee Murney "changed custody" ex-parte, *id.*;
- On September 28, 2022, Judge Berger refused to recuse himself, ECF No. 1 at PageID.4;
- Judge Berger "promised" Plaintiff that, if she "open[ed] up [her] mouth[,]" Berger would "keep jailing" Plaintiff and "ruin [her] reputation to make all judges at Berrien County hate [her]." ECF No. 2 at PageID.21.

But even if all these facts are true, they do not plausibly show any deprivation of Plaintiff's First, Fourth, Sixth, Seventh, Eighth, Ninth, and Fourteenth Amendment rights.[6] As these claims are "indisputably meritless" and lack an arguable basis in law, Plaintiff's Complaint is frivolous and subject to *sua sponte* dismissal. 28 U.S.C. § 1915(e)(2)(B)(i).

**B.**

To the extent Plaintiff's Complaint is *not* frivolous, it is nonetheless subject to *sua sponte* dismissal for failure to state a claim upon which relief can be granted.

A complaint fails to state a claim upon which relief can be granted if it does not contain allegations that support recovery under any recognizable theory. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79. (2009). Plaintiff must assert "more than an unadorned, the defendant-unlawfully-harmed me accusation." *Id.*; *see also Sears*, 655 F. Supp. 3d at 626. So, mere "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see also Sears*, 655 F. Supp. 3d

---

[6] Scattered throughout her Complaint, Plaintiff also alleges that Defendants engaged in malicious prosecution, child trafficking, sex discrimination, stalking, harassment, bribery, witness and victim intimidation, judicial corruption, fraud and money laundering, identity theft, perjury, slander, unlawful arrest, legal malpractice, reckless endangerment of children, concealing and tampering with evidence. *See generally* ECF Nos. 1; 2. But based on the scant facts Plaintiff provides, these claims also lack an arguable basis in law.

at 626. "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Sears*, 655 F. Supp. 3d at 626 (internal quotations and citations omitted). And, to state a plausible civil rights claim under 42 U.S.C. § 1983, a complaint must allege that they were deprived of a constitutional or stature right by someone acting "under the color of state law." *See id.*; *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009).

As discussed, Plaintiff has not pleaded any facts supporting her § 1983 claims. The facts pleaded within Plaintiff's Complaint may—if they were true—raise questions of judicial misconduct; but they do not raise questions concerning constitutional deprivations or injuries. Plaintiff has not sufficiently pleaded that Defendants deprived her of her First, Sixth, Seventh, Eighth, Ninth, and Fourteenth Amendment Constitutional rights.

Further, Civil Rule 8(a)(2) requires that a claim for relief include a "short and plain statement of the claim showing that the pleader is entitled to relief[.]" FED. R. CIV. P. 8(a)(2). But Plaintiff's Complaint contains no such statement. Instead, Plaintiff's Complaint meanders through lengthy and confusing descriptions of her state custody proceedings, coupled with short statements asserting a frenzy of factually incompatible legal claims. Because Plaintiff's Complaint largely "makes disconnected, confusing, and meandering claims that violate Rule 8[,]" Plaintiff's IFP Complaint is "subject to sua sponte dismissal." *Harden v. Bair*, No. 21-12434, 2022 WL 2716299, at *2 (E.D. Mich. May 18, 2022), *report and recommendation adopted sub nom. Harden v. Easter Seals*, No. 21-CV-12434, 2022 WL 2342704 (E.D. Mich. June 29, 2022); *Robinson v. Michigan*, No. 3:21-CV-10520, 2021 WL 1388027, at *2 (E.D. Mich. Apr. 13, 2021) (dismissing IFP complaint which "meander[ed] through confusing and often incomprehensible allegations which the court simply [could not] decipher" and noting "[w]ild and rambling pleadings do not meet the requirements of Rule 8 and must be dismissed."); *see also Ware v. Tennessee*, No. 17-1088-STA-

EGB, 2018 WL 3199463, at *1 (W.D. Tenn. June 29, 2018) (dismissing long, rambling, and nonsensical complaint); *Patel v. AR Grp. Tennessee, LLC*, No. 3:20-CV-00052, 2021 WL 4133954, at *12 (M.D. Tenn. Sept. 10, 2021) (*sua sponte* dismissing complaint that lacked a "comprehensible and consistent statement of the[] crucial facts"); MICH. COMP. LAWS § 168.423.

### C.

Even if Plaintiff's Complaint was not frivolous and sufficiently stated a § 1983 claim, *sua sponte* dismissal is still proper because this Court lacks jurisdiction to award four of the five remedies Plaintiff seeks, and Defendants are immune from the fifth. Each remedy will be addressed in turn.

### 1.

Plaintiff first asks this Court to remove Defendants Judge Berger and Referee Murney from office or impeach them. ECF No. 2 at PageID.23. But the power to impeach or remove a Michigan judicial official belongs to the Michigan House of Representatives and Governor, not this Court. MICH. CONST. art. 11, § 7 (granting House of Representative the "sole power of impeaching" Michigan civil officer "for corrupt conduct in office or for crimes or misdemeanors"); MICH. CONST. art. VI, § 25 (authorizing Governor to "remove any judge on a concurrent resolution of two-thirds of the members elected to and serving in each house of the legislature"); *see also Dmt MacTruong v. DeWine*, No. 2:22-CV-2908, 2022 WL 3369536, at *3 (S.D. Ohio Aug. 16, 2022), *report and recommendation adopted sub nom. MacTroung v. DeWine*, No. 2:22-CV-2908, 2022 WL 9818868 (S.D. Ohio Oct. 17, 2022), *appeal dismissed sub nom. MacTruong v. DeWine*, No. 22-3939, 2023 WL 4038587 (6th Cir. May 19, 2023), *aff'd sub nom. Truong v. DeWine*, No. 22-7800, 2023 WL 6377770 (U.S. Oct. 2, 2023) (dismissing complaint

for lack of subject matter jurisdiction when IFP plaintiff sought the impeachment of Supreme Court justices).

**2.**

Second, Plaintiff asks this Court to "press criminal charges against" Defendants, specifically requesting that this Court seek the "maximum punishment . . . and imprisonment" of both Defendants. ECF No. 2 at PageID.24. But this Court does not have jurisdiction to grant this type of injunctive relief, either. *Rice v. Jones*, No. 1:22-CV-695, 2023 WL 6290066, at *3 (S.D. Ohio Sept. 27, 2023), *report and recommendation adopted,* No. 1:22-CV-695, 2023 WL 7536996 (S.D. Ohio Nov. 13, 2023). Courts "cannot launch criminal investigations or file criminal charges." *Rohrig v. DHL Int'l GMBH*, No. 2:23-CV-587, 2023 WL 2483763, at *2 (S.D. Ohio Feb. 21, 2023), *report and recommendation adopted*, No. 2:23-CV-587, 2023 WL 2895907 (S.D. Ohio Apr. 11, 2023); *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978) ("In our system ... the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in [the prosecutor's] discretion."); *Linda R. v. Richard V.*, 410 U.S. 614, 619 (1973) (noting "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."). So, to the extent Plaintiff's Complaint seeks to criminally charge Defendants, it fails to state a claim upon which relief can be granted. *Davis v. Michigan State Police*, No. 09-CV-14795, 2010 WL 3463322, at *2 (E.D. Mich. Aug. 30, 2010).

**3.**

Next, Plaintiff asks this Court to "reverse every court order" made by Judge Berger and Referee Murney throughout the state custody proceedings. ECF No. 2 at PageID.24. But the Court lacks subject matter jurisdiction to overturn these decisions under the *Rooker-Feldman* doctrine.

The *Rooker–Feldman* doctrine is based on the principle that a federal district court lacks appellate jurisdiction to review a state court judgment, as that power is reserved to the Supreme Court under 28 U.S.C. § 1257. *See Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280 (2005). In *Exxon Mobil*, the Supreme Court explained that the *Rooker–Feldman* doctrine "is confined to . . . cases brought by state court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.* at 284. To determine whether the *Rooker-Feldman* doctrine bars a claim, courts look to the "source of the injury" alleged in the Plaintiff's federal complaint. *Evans v. Cordray*, 424 Fed. Appx. 537, 538 (6th Cir.2011). And, to "determine the source of the injury, a court must refer to the plaintiff's request for relief." *Power House Temple v. City of Highland Park*, No. 17-CV-12019, 2017 WL 5587047, at *3 (E.D. Mich. Oct. 26, 2017), *report and recommendation adopted*, No. 17-CV-12019, 2017 WL 5564625 (E.D. Mich. Nov. 20, 2017) (citing *Berry v. Schmitt*, 688 F.3d 290, 299 (6th Cir. 2012)).

Here, Plaintiff's alleged injuries all arise from her state custody proceedings. Plaintiff repeatedly asserts that Judge Berger and Referee Murney did not correctly apply the "best interest of the child" standard and were biased against Plaintiff when awarding custody of Plaintiff's sons to Deming. ECF Nos. 1 at PageID.5–6; 2 at PageID.11–13, 18. To the extent Plaintiff seeks reversal of the state court custody proceedings, her claim is barred by *Rooker-Feldman*, in excess of this Court's subject matter jurisdiction, and subject to *sua sponte* dismissal.[7]

**4.**

---

[7] Indeed, although Plaintiff attempts to assert civil rights claims, she essentially raises domestic relations issue by challenging state child custody decisions and seeking relief in the form of the restoration of her custody. But "federal courts have no jurisdiction to resolve domestic relations disputes involving child custody." *Partridge v. State of Ohio*, 79 F. App'x 844, 845 (6th Cir. 2003).

Plaintiff also requests this court to initiate a "counter lawsuit" against Judge Berger and Referee Murney. Although it is unclear what this lawsuit would be "countering," neither this Court nor any court has the power to initiate a lawsuit against a party. Article III of the United States Constitution confers federal judicial power and jurisdiction over cases between citizens and states; not cases between citizens and a federal court itself. *See* U.S. CONST. art. III, § 2, cl. 1; *see also* FED. R. CIV. P. 3 (requiring an *individual*, not the court itself, to file a complaint to initiate a lawsuit). Accordingly, to the extent Plaintiff asks this Court to initiate a civil suit against Judge Berger and Murney, she fails to state a claim upon which relief can be granted.

**5.**

Lastly, Plaintiff seeks $10,345,000[8] in damages. ECF No. 1 at PageID.10. Unlike the four types of injunctive relief discussed and dismissed above, this Court can—theoretically—award damages for Plaintiff's § 1983 claims. But, even if Plaintiff had stated a non-frivolous § 1983 claim against Judge Berger and Referee Murney, both are entitled to absolute economic immunity.

A judge is entitled to absolute economic immunity from § 1983 claims unless (1) the judge's actions were non-judicial; or (2) the judge performed the actions "in the complete absence of all jurisdiction." *Ward v. City of Norwalk*, 640 F. App'x 462, 466 (6th Cir. 2016) (citing *Mireles v. Waco*, 502 U.S. 9, 12 (1991)). An act is "non-judicial" if it is "one not normally performed by a judicial officer or if the parties did not deal with the judge in his official capacity." *Id.* (quoting *King v. Love*, 766 F.2d 962, 965 (6th Cir.1985)). A judge acts in "the complete absence of all jurisdiction" when acting "clearly outside the subject matter of the court over which he [or she] presides." *Brookings v. Clunk*, 389 F.3d 614, 623 (6th Cir. 2004) (internal citation omitted).

---

[8] The Complaint does not indicate how Plaintiff arrived at this damages valuation. *See generally* ECF Nos. 1; 2.

Indeed, a judge is absolutely immune from § 1983 damages even when acting erroneously, maliciously, corruptly, or in excess of—as distinguished from in the complete absence of all—jurisdiction. *Johnson v. Turner*, 125 F.3d 324, 333 (6th Cir. 1997); *Hall v. Bush*, No. 1:20-CV-731, 2021 WL 4239855, at *18 (W.D. Mich. July 21, 2021) (citing *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978)). And referees are entitled to absolute immunity to the same extent as judges. *Lucarell v. McNair*, 453 F.2d 836, 838 (6th Cir. 1972) (noting referees are "entitled to the full reach of the doctrine of judicial or . . . quasi-judicial immunity . . . pursuant to Section 1983."); *Johnson v. Turner*, 125 F.3d 324, 333 (6th Cir.1997) ("One who acts as the judge's designee, and who carries out a function for which the judge is immune, is likewise protected" by absolute immunity); *Littleton v. Fisher*, 530 F.2d 691, 692 (6th Cir. 1976).

All of Plaintiff's allegations concern Defendants' conduct throughout Plaintiff's state custody proceedings. *See generally* ECF Nos. 1; 2. Indeed, although unclear, the thrust of Plaintiff's Complaint is that Referee Murney incorrectly applied the "best interests of the child" standard when recommending Deming be awarded custody over Plaintiff's sons; and that Judge Berger incorrectly awarded custody in accord. And Plaintiff's Complaint does not allege that she ever interacted with Judge Berger and Referee Murney outside their official capacities. Even assuming all facts as true and construing the Complaint in favor of Plaintiff, no allegation identifies non-judicial conduct or claims that Judge Berger or Referee Murney acted in complete absence of all jurisdiction. Accordingly, even if Plaintiff properly pleaded a non-frivolous damages claim against Judge Berger or Referee Murney, both are immune.

In sum, Plaintiff's Complaint will be *sua sponte* dismissed because it is frivolous as lacking an arguable basis in law, fails to state a claim upon which relief can be granted, and seeks damages from Defendants who are absolutely economically immune. Accordingly, all outstanding motions,

including Plaintiff's Emergency Motion seeking a protective order issued against Judge Berger and Referee Murney, will be denied as Moot.

### IV.

Accordingly, it is **ORDERED** that Plaintiff's Application to Proceed without Prepaying Fees or Costs, ECF No. 4, is **GRANTED.**

Further, it is **ORDERED** that Plaintiff's Complaint, ECF Nos. 1; 2, is **DISMISSED.**

Further, it is **ORDERED** that Plaintiff's Ex Parte Motion for Leave to File an Exhibit in the Traditional Manner, ECF No. 5, is **DENIED AS MOOT.**

Further, it is **ORDERED** that Plaintiff's Ex Parte Motion for Leave to File an Exhibit Using Media File Upload, ECF No. 6, is **DENIED AS MOOT.**

Further, it is **ORDERED** that Plaintiff's Emergency Motion for a Temporary Protection Order, ECF No. 7, is **DENIED AS MOOT.**

Further, it is **ORDERED** that Plaintiff's Motion for a Transcript Fee Waiver, ECF No. 8, is **DENIED AS MOOT.**

**This is a final order and closes the above-captioned case.**

Dated: December 12, 2023          s/Thomas L. Ludington
                                  THOMAS L. LUDINGTON
                                  United States District Judge